# IN RE: ARKANSAS RULES FOR MINIMUM CONTINUING LEGAL EDUCATION AND REGULATIONS OF THE ARKANSAS CONTINUING LEGAL EDUCATION BOARD

85-302

Supreme Court of Arkansas
Delivered June 27, 1994

PER CURIAM. On March 14 we issued a per curiam order announcing proposed changes in the Arkansas Rules and Regulations for Minimum Continuing Legal Education. In that order, we requested comment from interested parties no later than May 14, 1994.

After considering the comments received, we conclude that the proposed amendments to the Arkansas Rules and Regulations for Minimum Continuing Legal Education should be adopted effective with the reporting period beginning July 1, 1994. Further, the initial one (1) hour of ethics required by Rule 3.(A) shall not be due until June 30, 1996.

We hereby adopt and republish the entirety of the Arkansas Rules and Regulations for Minimum Continuing Legal Education as they appear on the attachment to this order.

## ARKANSAS RULES FOR
## MINIMUM CONTINUING LEGAL EDUCATION

### RULE 1.

### CONTINUING LEGAL EDUCATION BOARD

1. (A)  There is hereby established the Arkansas Continuing Legal Education Board (hereinafter referred to as the Board). The Board shall be composed of nine voting members, appointed by the Arkansas Supreme Court, all of whom are resident members of the Bar of Arkansas. In addition, the Dean of each Arkansas law school accredited by the American Bar Association shall be an ex-officio member, without vote.

1. (B)  There shall be at least one Board member from each of the six Arkansas Court of Appeals districts. The initial Board shall draw terms so that three members will serve a one year term, three will serve a two year term, and three will serve a three year term.

1. (C)  All subsequent appointments shall be made by the Arkansas Supreme Court for terms of three years. Board members may be reappointed, but may serve no more than two terms of three years. The Arkansas Supreme Court shall fill all vacancies, with the appointee to serve the remaining term, for such position, subject to reappointment in accord with this paragraph. Any Board member whose term expires shall continue in office until his successor is appointed and qualified.

1. (D)  The Board shall, annually, by majority vote, elect a Chairman from among its voting members. The Director of the Office of Professional Programs for the Arkansas Supreme Court shall serve as Secretary, without a vote. Board members shall be entitled to reasonable reimbursement for expenses and such per diem compensation as the Court may from time to time direct.

1. (E)  The Board shall have the following duties and responsibilities:

      (1)  Exercise general supervisory authority over these

rules, to include the imposition of sanctions for noncompliance with these rules, as well as the implementation and administration of these rules;

(2) Adopt regulations consistent with these rules, to be submitted to the Arkansas Supreme Court for approval prior to their implementation;

(3) The Board may appoint committees as may be necessary to efficiently administer these rules; however, all matters concerning sanctions for noncompliance with these rules shall be the duty and responsibility of the Board.

(4) In cases of extreme hardship due to mental or physical disability, the Board may approve a substitute plan by which individuals may meet the requirements of these rules; and

(5) Such other specific grants of authority as may be set out in these rules.

1. (F) A majority of all voting Board members shall constitute a quorum.

## RULE 2.

## SCOPE

2. (A) Except as noted elsewhere in Rule 2, these rules shall apply to every member of the Bar of Arkansas, including all levels of the State and Federal Judiciary, and all attorneys who may be suspended during any reporting period due to nonpayment of license fee or action by the Supreme Court Committee on Professional Conduct. When used in the course of these rules, the word attorney shall include judges.

2. (B) Exemptions: Any attorney or Judge who attains age 70 or completes 40 years of licensure as an Arkansas lawyer, during any given reporting period, is exempt from all requirements of the Arkansas Rules for Minimum Continuing Legal Education (hereinafter referred to as CLE)

for that reporting period as well as all subsequent reporting periods.

2. (C)   Non Resident Attorneys:

(1)   Attorneys who are members of the Bar of Arkansas, but reside outside this State, are required to meet the minimum continuing legal education requirements of their resident state. Such attorneys shall complete annual certification forms to that effect. These forms will be filed with the Arkansas Continuing Legal Education Board on or before the October 31 which succeeds the reporting period in question. Such certifications shall be subject to verification through the agency which administers the continuing legal education program for such resident state. In the event an attorney is a member of the Bar of Arkansas, yet resides in a state or foreign jurisdiction where there is no continuing legal education requirement, such attorneys shall be annually required to file with the Arkansas Continuing Legal Education Board a certification form confirming that fact. This form shall be filed on or before the October 31 which succeeds the reporting period in question. Further, in the event an attorney returns to the practice of law in the State of Arkansas from a state where there has been no continuing legal education requirement that attorney shall be required, by the end of the first reporting period after the attorney's return, to acquire thirty-six (36) hours of accredited continuing legal education. Twelve (12) of those hours shall be a basic skills course or bar examination review course as approved by the Board.

(2)   Nonetheless, an Arkansas licensed attorney or judge who resides: in a state which does not require continuing legal education; in a foreign jurisdiction; or, in a state which requires continuing legal education but is not licensed in that state and is therefore prohibited from participating in the continuing legal education program of that state, may remain current as regards Arkansas CLE requirements. Such attorneys may do so by meeting the twelve (12) hour requirement as set out in Rule 3.(A). The Secretary shall obtain from such attorneys

appropriate documentation to confirm compliance with the Arkansas CLE program. In the event attorneys are in compliance with Rule 3(A) during the reporting period preceding their return to the practice of law in Arkansas, they shall not be subject to the thirty-six (36) hour requirement mentioned in paragraph 2.(C)(1) above. In the event an attorney has elected to remain current, yet fails to acquire 12 hours of approved CLE during any reporting period, that attorney shall be subject to the sanctions of Rule 6.

2. (D)   Inactive Status:

(1)   At anytime during a reporting period, an attorney on active status, with the exception of sitting judges, may take inactive status pursuant to these rules. Inactive status, for the purpose of these rules only, means that an attorney, subsequent to declaration of inactive status, will not engage in the practice of law during the remainder of that reporting period. Election of inactive status must be in writing. By taking inactive status, the attorney shall be exempt from the minimum educational requirements of Rule 3 for that reporting period, and subsequent reporting periods if the attorney chooses to annually recertify inactive status. The Board shall provide a form for renewal of inactive status. Attorneys claiming inactive status shall file with the Board an inactive status renewal form on or before October 31 of each succeeding reporting period.

(2)   If, during any reporting period, an attorney who has previously declared inactive returns to the practice of law, the attorney must immediately so advise the Board. Such attorney, who is returning to active status, shall be subject to a reinstatement fee, to be set by the Board, in an amount not to exceed $250.00. The attorney will receive no educational credits for courses taken before the reinstatement fee has been paid. Provided that the attorney returning to active practice notifies the Board and pays the reinstatement fee, then qualified continuing legal education credits may be applied pursuant to paragraph 2.(D)(3) below.

(3) Such attorneys shall be required to obtain thirty-six (36) hours of qualified continuing legal education between the date of return to active status (which is the date the reinstatement fee is received by the Board) and the end of the next succeeding reporting period. Twelve (12) of those hours will be a basic skills course, or bar examination review course, either of which must be approved by the Board.

## RULE 3.

## MINIMUM EDUCATIONAL REQUIREMENTS

3.(A)    Every member of the Bar of Arkansas, except as may be otherwise provided by these rules and, excepting those attorneys granted voluntary inactive status by the Arkansas Supreme Court Committee on Professional Conduct, shall complete 12 hours of approved continuing legal education during each reporting period as defined by Rule 5.(A) below. Of those 12 hours, at least one hour shall be ethics as defined by Regulation 3.02. In addition, an attorney or judge may carry over accredited hours in accord with the provisions of Rule 5.(A), including one hour of ethics which may be carried forward to the succeeding reporting period.

3.(B)    This minimum requirement must be met through courses conducted by sponsors approved by the Board, or individual courses that have been approved by the Board, or such other programs, courses, or other educational materials that the Board may approve pursuant to Rule 4.

3.(C)    An hour of continuing legal education shall include at least sixty minutes of instruction, exclusive of meals, introductions, or other non-educational activities.

3.(D)    The Board is authorized and encouraged to consider the requirement of particular course content, such as professional or judicial ethics, as part of the minimum educational requirement.

# RULE 4.

## ACCREDITATION

4.(A)   The Board shall be the exclusive authority for accreditation of continuing legal education sponsors or programs. However, the Board may delegate to a subcommittee, in accord with Rule 1.(E)(3), the authority to review submissions by new sponsors. Further, the Board may delegate to its Secretary the authority to approve or deny programs submitted by previously accredited sponsors, or by sponsors who have previously had individual program(s) approved by the Board. The Board, through its Secretary, shall provide an annual report to the Arkansas Supreme Court which shall reflect summary information with regard to program approvals or denials, attorney suspension information, and such other matters as the Board may direct.

4.(B)   Approval of Accredited Sponsors:

   (1)   An organization, or individual, may seek Board designation as an accredited sponsor;

   (2)   Such a request must be accompanied by evidence the sponsor has conducted, during the three years preceding application, at least three courses that substantially comply with the individual course requirements of Rule 4.(C);

   (3)   Subsequent to approval as an accredited sponsor, courses offered by that sponsor may be automatically approved, provided that the Secretary is satisfied such courses meet the requirements of Rule 4.(C);

   (4)   Likewise, sponsors accredited by another state or a national continuing legal education accrediting body may be automatically approved, provided the Secretary is satisfied that the sponsor meets the requirements of Rule 4.(B); and,

   (5)   Accredited sponsors must abide by all reasonable requests for information or course materi-

als from the Board, or its Secretary, and the Board reserves the right to withdraw sponsor accreditation for failure to meet the requirements of these rules.

4.(C)    Individual course or activity approval:

The Board may, upon application, approve continuing legal education courses or activities provided such courses meet the following standards:

(1)    The course must contribute directly to professional competence of attorneys and judges, or to their education with respect to professional or ethical obligations;

(2)    Course presenters must have the necessary experience or academic skills to conduct the course effectively;

(3)    Prior to, during, or after the course, each attendee must be provided with written course materials of a quality and quantity which indicate that adequate time has been devoted to the speaker's preparation and that the written materials will be of value to the attendees in the course of their practice. In the event written materials are not provided before, or during the program, the program will not be subject to pre-approval by the Board. In the event materials are submitted after the program, the Board will make a determination as to what, if any, credit shall be given for the course;

(4)    The course must be presented in a suitable setting, which provides attendees with adequate writing surfaces, provided that the Secretary is satisfied that the course substantially complies with the requirements of Rule 4.(C);

(5)    During activities presented by means of videotape, audiotape, or other such systems, there must be an opportunity to ask questions of course faculty or a qualified commentator;

(6) The sponsor must encourage participation by attorneys as planners, authors, panelists, or lecturers;

(7) The sponsor must make available to the Board, or its Secretary, upon request, information concerning the course, which might include a list of attendees or individual affidavits signed by attendees, the course brochure, a description of the method or manner of presentation, and a set of all written materials pertinent to the course; and

(8) The course must be subject to evaluation before, during, and after presentation.

4.(D) The Board is authorized and encouraged to grant approval to all sources of continuing legal education which meet the relevant standards of Rule 4.(C), including: publication of law related articles in legal journals; preparation of bar examination materials; preparation for, and conduct of, approved continuing legal education courses; participation in regularly scheduled courses conducted by American Bar Association accredited law schools; and "In House" educational programs conducted by law firms or other law related entities. The Board shall also be authorized to determine the amount of approved hours such activities are worth and may limit the number of such hours that may be applied to the minimum requirement.

4.(E) It is presumed that sponsor accreditation, or individual program accreditation, will be sought well in advance of the event. However, the Board may accredit a sponsor or individual program after the event.

4.(F) In the event the Secretary denies approval of an individual course or sponsor, the aggrieved sponsor may, in writing, request that the Board review such denial.

RULE 5.

REPORTING

5.(A) Credit for approved continuing legal education hours will be given for courses or activities conducted from

July 1 through June 30 of each year, and for the purposes of these rules, this period of time shall be known as the "reporting period." If an attorney or a judge acquires, during such reporting period, approved continuing legal education in excess of twelve (12) hours, the excess credit may be carried forward and applied to the education requirement for the succeeding reporting period only. The maximum number of CLE hours one may carry forward is twelve (12), which may include one hour of ethics.

5.(B)  Sponsors may be required to report attendance to the Board or its Secretary. Such reports may be required promptly after completion of each program or activity. Attorneys may also report approved activities using a certificate approved by the Board.

5.(C)  The Board, through its Secretary, shall maintain current records of CLE attendance for each attorney to whom these rules apply. Pursuant to Board regulation, they shall be made available to such attorneys.

5.(D)  During the course of the reporting period, the Board, through its Secretary, may provide interim reports by first class mail to those attorneys subject to the 12 hour requirement of Rule 3.(A). Such reports will state the number of approved CLE hours each attorney has of record with the Board. On or before July 31 after the conclusion of the immediately preceding reporting period, the Board, through its Secretary, shall provide a final report by first class mail to those attorneys. The number of approved CLE hours stated in the interim and final reports shall be presumed correct unless the attorney notifies the Board otherwise. If the final report shows acquisition of 12 or more approved CLE hours during the reporting period, the attorney shall be deemed to be in compliance with these rules and need not take any further action for the immediately preceding reporting period.

In the event the final report reflects that an attorney has failed to meet the 12 hour requirement of Rule 3.(A),

the final report will be accompanied by an acknowledgment of deficiency form. Such attorneys shall sign the acknowledgment of deficiency form and file it with the Board on or before the following August 31. Subsequently, such attorneys shall cure any deficiency by December 1 and provide appropriate documentation to the Board no later than the following December 15. CLE hours reported to the Board pursuant to the acknowledgment of deficiency shall first be applied to the deficiency and any remaining hours will be applied to the current reporting period.

5.(E)    The Board is authorized to assess costs against delinquent attorneys in the form of a reasonable fee for filing late and filing a deficiency plan.

5.(F)    Newly admitted attorneys shall be subject to the twelve hour minimum requirement during the reporting period that follows the reporting period in which they are admitted.

5.(G)    All filings pursuant to Rule 5 will be made with the Secretary to the Arkansas Continuing Legal Education Board, unless the Board directs otherwise. In addition, all such filings that require the signature of an attorney shall be subject to the requirements of Rule 8.4 of the Model Rules of Professional Conduct for Lawyers or its successor rule.

## RULE 6.

### NONCOMPLIANCE AND SANCTIONS

6.(A)    If an attorney to whom these rules apply either fails: to file timely the acknowledgment of deficiency or cure the deficiency as required by Rule 5.(D); to file timely an inactive renewal form pursuant to Rule 2.(D); or, to file timely an out of state certification form in accord with Rule 2.(C), the attorney shall not be in compliance with these rules.

6.(B)    Within 30 days after an attorney fails to comply with any provision of the preceding paragraph, the Board, through its Secretary, shall serve a notice of noncom-

pliance on the affected attorney. Such notice shall be sent by first class mail to the address the attorney maintains with the office of the Arkansas Supreme Court Clerk.

6.(C)   The notice shall contain a statement of the nature of the noncompliance. The attorney must, within 30 days of the date of the notice of noncompliance, provide the Board written evidence that the attorney is either in compliance or has corrected the noncompliance.

6.(D)   If within the allotted time as set out in paragraph 6.(C) above, the attorney fails either to provide written evidence of compliance or that the noncompliance has been corrected, the Board, through its Secretary, shall serve a notice of intent to suspend upon the affected attorney. Such notice shall be mailed to the address the attorney maintains with the Clerk of the Arkansas Supreme Court. The notice shall be sent by certified mail, restricted delivery, return receipt requested. Such notice shall apprise the attorney that his or her Arkansas law license shall be considered for suspension at the next regularly scheduled meeting of the Board. Such notice shall be sent at least 20 days prior to that meeting. Upon written request of the attorney, a hearing shall be conducted at that meeting.

6.(E)   Hearing procedure:

(1)   The Board, in the performance of its responsibilities under these rules, shall have the authority to request issuance of summons or subpoena from the Office of the Supreme Court Clerk, and the Clerk shall issue same. Such requests shall be signed by the Chairman of the Board, or its Secretary.

(2)   Witnesses may be sworn by the Board Chair or any member acting in his or her stead, or by any individual authorized to administer oaths, and upon request, a record shall be made at the expense of the attorney. Such hearings are civil in nature and the standard for decision is preponderance of the evidence.

(3)   The hearing shall be open to the public.

(4)   After the hearing, the Board may retire to executive session to deliberate. Thereafter, its decision shall be publicly announced and, if not unanimous, there shall be a statement of votes by individual members.

(5)   The Board shall take action by a majority vote of the voting members present.

6.(F)   Authorized dispositions at Board meeting subsequent to service of notice of intent to suspend.

(1)   The Board may dismiss the matter if records in possession of the Board show that the attorney has achieved compliance. However, such dismissal may be made contingent upon payment of a delinquency assessment as authorized by Rule 5.(E) and the regulations adopted pursuant to that rule; or,

(2)   The Board may enter an order deferring further action for no more than 90 days to allow the attorney to achieve compliance. Subsequent to the period of deferment, the Board may suspend the attorney in accordance with Rule 6.(F)(3), or, dismiss the action in accord with the preceding paragraph, or, take such other permissible actions it may deem appropriate; or,

(3)   The Board may suspend the license of the attorney subject to reinstatement pursuant to paragraph 6.(H) below. Such suspension shall become effective on the date of filing of the notice and order of suspension with the Arkansas Supreme Court Clerk. (Hereinafter referred to as "The Order of Suspension.")

6.(G)   Promptly after a Board vote of suspension, the Secretary shall notify the affected attorney by way of certified mail, restricted delivery, return receipt requested. In addition, the Secretary shall promptly file the order of suspension with the Clerk of the Arkansas Supreme Court and notify Arkansas state judges of general jurisdiction and the United States District Court Clerk.

Attorneys who are suspended may request a stay of such

suspension pending a hearing by the Board. Such a request shall be made in conjunction with a petition for reinstatement. The request shall be presented to the Board, through its Secretary, in the form required by Rule 6.(H). Such submissions shall be ruled upon by the Board Chairperson, or a member designated by the Chairperson. To be considered for review, the petition for reinstatement and request for stay must either: (a) establish that the attorney had obtained the requisite number of CLE hours, or filed the appropriate documents, to be in compliance on or before the vote of suspension on that attorney; or, (b) confirm that subsequent to the vote of suspension, but prior to filing the petition for reinstatement and request for stay, the attorney had obtained the requisite number of CLE hours to be in compliance or had filed appropriate documents to achieve compliance. Any request for stay of suspension must contain an affirmation by the attorney that he or she has not engaged in the practice of law subsequent to receipt of notification of suspension or actual knowledge of suspension, whichever is earlier.

6.(H)  An attorney who has been suspended pursuant to these rules who desires reinstatement shall file a petition for reinstatement (which in appropriate cases may incorporate a request for stay of suspension) with the Secretary of the Board. The petition shall be sworn and properly acknowledged by a notary public or any official authorized to take oaths. The petition may include the applicant's reason(s) for noncompliance, state that the applicant is presently in compliance, or provide any other material information pertinent to the applicant's petition. The petition must contain an affirmation that the petitioner has not engaged in the practice of law subsequent to receipt of notification of suspension or actual knowledge of suspension, whichever is earlier. The petitioner may request a hearing before the Board. In such case, a hearing will be conducted in accordance with the provisions set out in Rules 6.(E) and 6.(F), and Section 6 of the regulations. In the event the attorney is reinstated, the Board may set additional educational require-

ments as a condition of reinstatement and may assess reinstatement fees and late filing fees consistent with its regulations.

## RULE 7.

## APPEALS

7.(A)   Final determinations as to accreditation of a sponsor by the Secretary or a committee of the Board shall, upon request of the aggrieved sponsor, be reviewed by the Board. There shall be no further review of such determinations.

7.(B)   Final determinations by the Board, which result in suspension of an attorney, may be appealed to the Arkansas Supreme Court. Such appeal shall be heard de novo on the record from the Board proceedings.

7.(C)   To effect an appeal, the suspended attorney shall file the record with the Supreme Court Clerk within thirty days from the entry of order of suspension. The appellant shall bear the cost of record preparation.

## REGULATIONS OF THE
## ARKANSAS CONTINUING LEGAL EDUCATION BOARD

### SECTION 1 - THE BOARD

1.01    PREFACE

These regulations are cumulative to and explanatory of the Arkansas Rules for Minimum Continuing Legal Education (hereinafter the Rules) which were adopted by Per Curiam Order of the Arkansas Supreme Court on March 6, 1989, 298 Ark. 638 (1989). In the event of a conflict between these regulations and the Rules, the provisions of the Rules shall prevail. Rule 6 of the Arkansas Rules of Civil Procedure shall govern calculation of time whenever an action is required to be taken under the Rules or these Regulations unless otherwise provided. Members of the Arkansas Continuing Legal Education Board (hereinafter Board) and the Secretary to the Board (hereinafter Secretary) shall be absolutely immune from suit for all conduct in the course of their official duties in connection with the administration of the Arkansas Minimum Continuing Legal Education Program (hereinafter CLE).

1.02    RULES OF PROCEDURE

All proceedings by the Board will be conducted pursuant to Roberts Rules of Order.

1.03    MEETINGS

Meetings will be called as to date, time and place by the Chairman or by five Members of the Board.

1.04    OFFICIAL FORMS

The Secretary is authorized to develop appropriate forms, verification procedures, and other administrative procedures as necessary to efficiently administer the CLE program.

1.05    PRIOR BOARD RULINGS

The Secretary shall maintain an index of rulings of the

Board, which are not implemented as regulations, and shall make such rulings available to potential sponsors or attorneys upon request.

1.06    REMOVAL OF MEMBERS

Upon good cause shown, which may include failure to attend meetings on a regular basis, the Board may recommend to the Arkansas Supreme Court that a Board member be removed from office. Upon such recommendation, the Court may declare the position vacant and appoint a replacement pursuant to Rule 1.(C).

1.07    RECORDS RETENTION

The Board shall maintain all records in connection with the CLE Program for a period of three (3) years after each approved CLE course or activity is concluded. Further, where Accredited Sponsors have submitted documentation pursuant to Rule 4.(B)(2), the Board may discard such documentation after three (3) years, after acquiring satisfactory evidence that the accredited sponsor continues to conduct programs which meet the requirements of Rule 4.(C). Fiscal records pertaining to the CLE Program shall be maintained by the Board for a period of five (5) years.

1.08    SPONSOR RECORDS

Accredited or individual course sponsors shall maintain course records in connection with programs which have been approved by the Board. These records shall be maintained in the possession of the sponsor for a period of one (1) year after the program or activity. Such records shall include: the course outline or brochures; all written materials; the faculty information; the evaluations; and, the attendance records.

1.09    AMENDMENT

These regulations may be amended by a majority vote of the Board; subject to subsequent approval by the Arkansas Supreme Court.

## SECTION 2 - SCOPE

### 2.01 NON-RESIDENT ATTORNEYS

An attorney's residence is presumed to be the address the attorney maintains with the Office of the Arkansas Supreme Court Clerk. Attorneys who maintain Arkansas licenses, but reside outside this state and are licensed in the state of their residence, are required to meet the minimum continuing legal education requirements of their resident state. Arkansas licensed attorneys residing in a state which requires continuing legal education but who are not licensed in that state, are inactive in that state, or for any other reason are denied the opportunity to participate in the continuing legal education programs of that state, are considered in compliance with the requirements of their resident CLE state. However, such attorneys who return to the practice of law in Arkansas shall be required to acquire thirty six (36) hours of approved CLE courses by the end of the first reporting period that succeeds the reporting period in which they return. Twelve (12) of those hours shall be a basic skills course or bar examination review course as determined by the Board. Notwithstanding this provision, the attorney may choose to remain current in Arkansas pursuant to Rule 2(C). Attorneys who move from a state which does not require minimum continuing legal education to a state other than Arkansas which does require minimum continuing legal education are required to meet the requirements of that state.

### 2.02 INACTIVE STATUS

#### (1) REINSTATEMENT FEE

The reinstatement fee, pursuant to Rule 2.(D)(2), shall be FIFTY DOLLARS ($50.00). The Board, in its discretion, may waive this fee under extraordinary circumstances.

#### (2) DEFINITION: PRACTICE OF LAW

The practice of law shall be defined as any service rendered, regardless of whether compensation is received

therefor, involving legal knowledge or legal advice. It shall include representation, provision of counsel, advocacy, whether in or out of court, rendered with respect to the rights, duties, regulations, liabilities, or business relations of one requiring the legal services. It shall encompass all public and private positions in which the attorney may be called upon to examine the law or pass upon the legal effect of any act, document, or law. Inactive attorneys may not, at any time, or in any manner, hold themselves out as lawyers to the general public. Nonetheless, it shall not be considered the practice of law for attorneys to represent themselves or family members to the third degree of consanguinity.

## SECTION 3 - MINIMUM REQUIREMENTS

### 3.01    ENHANCED CREDIT

#### (1)   SOLO SPEAKERS

An attorney who presents a speech or program at an approved CLE course shall be allowed four (4) hours credit for each hour of the initial presentation and two (2) hours credit for each hour of each subsequent presentation of the same material.

#### (2)   PANEL DISCUSSIONS

A participant in a panel presentation shall receive two (2) hours for each one (1) hour of the entire panel presentation in which he or she participates directly, unless the participant shall have prepared for distribution to the audience written materials supporting his or her portion of the panel presentation, in which event three (3) hours credit shall be given for every one (1) hour of the entire panel presentation in which he or she participates directly.

#### (3)   QUESTION AND ANSWER SESSIONS

Question and answer sessions following individual or panel presentations shall be counted as part of the presentation time for which credit is to be given.

#### (4)   WRITTEN MATERIALS

To serve as a basis upon which credit for an individual or panel presentation is given, accompanying written materials must comply with Rule 4(C)(3).

### 3.02    ETHICS

Ethics presentations shall be distinct segments no less than one hour in length, shall be specifically designated separately on the program application and shall be accompanied by appropriate documentation. Likewise, claims for ethics credit shall be designated separately on certificates of attendance submitted to the Secretary.

Ethics shall be defined as follows: "Legal ethics includes, but is not necessarily limited to, instruction on the Model Rules of Professional Responsibility for Lawyers and the Code of Judicial Conduct. It does not include such topics as attorney fees, client development, law office economics, and practice systems except to the extent that professional responsibility is directly discussed in connection with these topics."

In accord with Rule 2.(C) "out of state" attorneys shall not be subject to the one hour ethics requirement set forth in Rule 3.(A) except insofar as their resident states require ethics credits.

### 3.03    HARDSHIPS

In cases of extreme hardship due to mental or physical disability which substantially inhibits the ability of an attorney or Judge to participate in extended seminar presentations, the Secretary shall, in cooperation with the affected party, develop an appropriate program of  substituted compliance. Such programs shall, to the  extent possible, comply with relevant sections of Rule 4.(C) and must be approved by the Board.

## SECTION 4 - ACCREDITATION

### 4.01    ACCREDITED SPONSORS

The Secretary of the Board shall keep a current list of accredited sponsors and include thereon the date of

accreditation by the Board, current address, and phone number of each sponsor.

## 4.02    PROGRAM ADJUSTMENTS

(1)   The Secretary is authorized to make adjustments in the number of approved CLE credit hours or approved substitute program content where, during the presentation of a program previously approved by the Board, there is a deviation from the program content or length. If a program segment is abbreviated due to illness or other emergency and is 90% or more completed, it shall be given full credit. Otherwise, the credit time allowed for that particular program segment shall be adjusted to the nearest one-quarter (1/4) hour. In such event it is the obligation of the sponsor to notify attendees immediately and amend the certificates of attendance, if possible, and when submitting the certificates of attendance, advise the Secretary of the diminished hours available for the particular program segment in question.

(2)   The Secretary is authorized to adjust hours when determining the number of hours for which programs are to be submitted for credit. In such cases courses are to be adjusted to the nearest one-quarter (1/4) hour.

(3)   In addition, it is the obligation of the Sponsor to notify attendees immediately when any previously approved program segment fails to meet the minimum course standards set out in Rule 4.(C) and advise the attendees that credit may not be available for that particular program segment due to the deficiency. The Sponsor shall also notify the Secretary of such deficiencies.

## 4.03    RECIPROCAL ACCREDITATION - INDIVIDUAL ATTENDANCE

Upon receipt of a completed certificate of attendance form or other documentation by the Secretary from an Arkansas attorney confirming attendance at an out-of-state continuing legal education program approved by the situs state, the attorney shall be entitled to CLE credits in Arkansas. The Secretary shall verify the program's

approval by the situs state's continuing legal education agency.

4.04    APPROVED CLE ACTIVITIES

### (1)  BAR EXAMINERS

Credit may be earned through service as a bar examiner in Arkansas. Six (6) hours of CLE credit will be awarded for the preparation and grading of each bar examination. No more than twelve (12) hours of CLE credit can be awarded in any year for bar examination preparation and grading.

### (2)  AUTHORSHIP OF LAW ARTICLES

In accordance with objective standards to be developed and applied by the Board, up to twelve (12) hours of credit may be earned through the authorship of a law related article published by an American Bar Association accredited law school, a state bar journal, an official publication of the American Bar Association, or through authorship of a published book on legal matters. Any attorney may petition the Board for credit for the authorship of an article or book. Entitlement to credit will accrue as of the date of publication of the article or documented date of acceptance for publication.

### (3)  LAW SCHOOL COURSES

Credit may be earned through part-time teaching, formal enrollment for credit, or official audit and attendance at a course offered by a law school accredited by the American Bar Association. Twelve (12) credit hours will be awarded for each academic credit hour taught, officially audited, or successfully completed, provided the applicant certifies attendance of at least seventy-five percent (75%) of the class sessions. For the purpose of this regulation, "part-time teaching" is defined as teaching one course which awards four or fewer hours of academic credit.

### (4)  IN-HOUSE PROGRAMS

In-house programs are available as a means of acquiring CLE credits provided:

(a)     The program complies with Rule 4.(C) of the Arkansas Rules for Minimum Continuing Legal Education; and,

(b)     The application and documentation for in-house programs conducted in Arkansas must be submitted to the Secretary in advance of the scheduled event and be approved *before* the scheduled event.

In addition, private law firms which conduct in-house programs shall be subject to the following requirements:

(c)     A minimum of three (3) "out-of-firm" attorneys must be allowed to attend such programs. Each firm may set reasonable limits on the total number of such "out-of-firm" attendees and the firm must provide appropriate notification of the program to local attorneys who may wish to attend;

(d)     Any "out-of-firm" attorney who desires to attend an in-house CLE program may be responsible for a proportionate share of the costs of the program; and,

(e)     Attorneys may receive a maximum of six (6) hours CLE credit for in-house programs conducted during any reporting period.

(5)  SATELLITE PROGRAMS

All satellite television programs which otherwise comply with the Rules may be approved.

(6)  VIDEO PROGRAMS

Video CLE programs are an acceptable means of obtaining CLE credits, provided:

(a)     The original program upon which the video replay is based has been approved by the Board;

(b)     The program must have the original faculty members present or the original faculty members must make known their addresses or phone numbers in order that they can respond to written or phoned inquiries subsequent to the program; and,

      (c)     There must be a moderator present.

**(7)  LIVE TELEPHONE CONFERENCES**

CLE programs presented via live telephone conferences are acceptable provided such programs comply with relevant portions of Rule 4.(C).

**(8)  SHORT COURSES**

No course shall be approved unless it contains at least one continuous hour of instruction accompanied by written materials consistent with Rule 4.(C)(3), and is conducted in a suitable educational environment.

**(9)  ADVANCE SHEET REVIEW GROUPS**

Programs consisting of review of advance sheet court opinions shall be approved, provided written materials consisting of analysis in addition to the advance opinions themselves, are provided by the persons responsible for the discussion of a case or cases, and regular and special group meeting times and places are published to the Board at least two weeks in advance to assure compliance with the evaluation requirement of Rule 4.(C)(8).

**4.05    UNAPPROVED CLE ACTIVITIES:**

**(1)  PUBLIC PRESENTATIONS**

No CLE credits are available for attorneys speaking or presenting any program to the lay public without prior approval of the Board.

**(2)  SELF-STUDY**

Self-study courses are not approved as a means of acquiring CLE credits.

**(3)  AUDIO TAPES**

Audio tape programs are not approved as a means of acquiring CLE credit.

**(4)  LAW PROFESSORS**

No full-time or adjunct law school professors may obtain

CLE credits for teaching regularly scheduled courses, subject to the exception of Regulation. 4.04 (3).

(5)  LAW FIRM OPERATIONS

Individual programs which deal solely with the internal financial operations of a law firm will not be considered acceptable as a means of acquiring CLE credits in Arkansas.

## SECTION 5 - REPORTING-FEES

## LATE FILINGS/DEFICIENCY PLANS

5.01    After a reporting period has ended, and at any time prior to a vote of suspension by the Board, an attorney may file:

(1)  Documentation to establish compliance with the provisions of Rule 3.(A). If filed between July 1 and August 31, such documentation shall be accompanied by a deficiency fee of $75.00 if the documents submitted are for CLE credits acquired after July 1;

(2)  An acknowledgment of deficiency form. If filed between July 1 and August 31, such a filing shall be accompanied by a deficiency fee of $75.00;

(3)  An acknowledgment of deficiency, if filed after August 31, shall be subject to the $75.00 deficiency fee set out in paragraph (2) above, and a late filing fee of $25.00. After timely filing of an acknowledgment of deficiency and payment of the required fee, no late filing fee will be assessed for hours submitted to cure timely the deficiency. However, documentation of hours obtained after December 1 to cure a deficiency shall be accompanied by a late filing fee of $100.00. Documentation to establish compliance with Rule 3.(A) for CLE credits acquired before July 1, but filed after August 31, shall be subject to a $25.00 late filing fee;

(4)  An out of state certification pursuant to Rule 2.(C); or, an inactive renewal pursuant to Rule 2.(D). Such filings shall be accompanied by a late filing fee of $25.00 if filed after October 31; and,

(5)   Documentation tendered in accord with the preceding paragraphs will not be accepted unless accompanied by the appropriate filing fee and unless all other applicable requirements have been met.

5.02   All fees shall be made payable to the Bar of Arkansas.

## SECTION 6 - HEARING PROCEDURES/SANCTIONS

6.01   (1)   In the absence of the Chairman of the Board, the remaining voting members of the Board shall elect from among its number, by a majority vote, a presiding officer for the hearing in question.

(2)   The expense of a court reporter's attendance, if a record is requested, shall be paid by the affected attorney.

(3)   The burden of proof as to compliance with the Rules shall remain with the attorney.

(4)   Not less than ten days before a hearing, at the request of either the Board or the attorney, each shall apprise the other of the names, addresses, and phone numbers of witnesses and provide copies of all exhibits each intends to present at the hearing.

(5)   The Rules of Evidence shall apply subject to the exercise of reasonable discretion by the majority of the Board.

(6)   In addition, pursuant to Rule 6, the Board may assess a reinstatement fee not to exceed TWO HUNDRED FIFTY DOLLARS ($250.00). Such fees shall be payable to the Bar of Arkansas.

## SECTION 7 - APPEALS

7.01   RIGHT TO REVIEW

An attorney who is suspended by the Board shall have the right to review of the ruling by the Arkansas Supreme Court.

7.02   OBTAINING THE RECORD

To effect such a review, the suspended attorney, within

ten (10) days of receipt of notice of suspension shall, in writing, request a copy of the record of the proceedings from the Secretary. Such record shall include all pertinent documents on file with the Board and the transcript of any pertinent hearings conducted by the Board. The Secretary shall promptly respond to such requests. The Secretary shall deliver, by registered mail, a single copy of such record to the suspended attorney.

7.03    COSTS

The suspended attorney shall be responsible for the costs attendant to record preparation and filing, including the expense of preparing the transcript of any hearings.

7.04    FILING

Thereafter, the suspended attorney shall have ten (10) days from receipt of the record to file same with the Clerk of the Arkansas Supreme Court. A single copy of the record shall be filed, accompanied by eight (8) copies of the attorney's motion for further review by the Arkansas Supreme Court. The motion and record shall be filed pursuant to Arkansas Supreme Court Rule 2-1, and the Clerk's Office will process such motions for review pursuant to procedures established under said Rule 2-1, or its successor rule.

7.05    MEMORANDUM

The suspended attorney may accompany the motion with a brief memorandum setting out grounds for reversal of the decision of the Continuing Legal Education Board. The Board may file a response as authorized by Rule 2-1.

7.06    DECISION BY THE ARKANSAS SUPREME COURT

The findings of the Board shall not be reversed unless the Arkansas Supreme Court finds them to be clearly erroneous. The Arkansas Supreme Court shall review the case de novo upon the record presented.